Peabsokt, C. J.
 

 Owing to the emphasis and animated tone,
 
 *24
 
 with which his Honor 'put the interrogatory, “ where was the evidence to -establish the fact,” the prisoner is entitled to have the question considered as if the Judge had instructed the jury,'“there was n© evidence of the fact.”
 

 The fact alleged was, that the prisoner’s son, at the time he gave the mortal stab, had reasonable ground to believe that his father’s life was in peril. This allegation is made by way of justification, or excuse, and the
 
 onus
 
 is upon the prisoner. We are of opinion that there was no evidence upon which the jury could have found the fact-
 

 The testimony of the witness
 
 Stanland,
 
 is the only part of the evidence which furnishes a plausible ground for the suggestion of the existence of the fact, but upon examination, his testimony, so far from establishing the fact, negatives its existence. This witness and
 
 Hiehnun
 
 differ as to the precise moment of time, considered relatively, at which the deceased raised the gun. The one thinks it was just
 
 after
 
 he was stabbed ; the other thinks it was just before he was stabbed. But neither of them represents the act of raising the gun as any thing more than a mere consequence of a change of position in the act of running off. The deceased and the prisoner were on different sides of the fence, and the manner of raising the gun did not furnish the slightest indication of a purpose to use it offensively. The witness
 
 Stanland,
 
 upon whom the prisoner relies, says, “ after the prisoner struck, he (the deceased) then raised it, but neither pointed it — offered to strike or
 
 use it in any way.
 
 At this moment John struck, and the deceased ran off, having the gun in his hand.” So, the fact alleged, i. e., that there was a reasonable ground to believe that the prisoner’s life was in peril, by reason
 
 of the ma/nner
 
 in which the gun was raised, is negatived, and the
 
 precise moment
 
 — whether just before or just after the stab, was not material; for taking it to have been before, it was not done in a menacing manner.
 

 We can see no error in the charge. It is a well established principle, that where two agree to do an unlawful act, each is responsible for the act of the other, provided it be done in
 
 *25
 
 pursuance of the original understanding, or in furtherance of the common purpose. There was evidence, that the prisoner and his son had formed the purpose of beating the deceased, or of arresting him without a warrant, which is equally unlawful, and the act -of the son was clearly in furtherance of the common purpose, so as t© make the prisoner responsible for it; Foster’s Crown Law, 351, 352. There is no error.
 

 PeR Cüeiam, Judgment affirmed.